**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **DISTRICT OF COLUMBIA,** | : | **CIVIL ACTION** |
| **for the use and benefit of** | : | |
| **BARBARA J. ARCHITECTURAL** | : | |
| **SALES, LLC,** | : | |
| 2700 Q Street NW Suite 309 | : | |
| Washington, DC 20007, | : | |
| | : | |
| **BARBARA J. ARCHITECTURAL** | : | |
| **SALES, LLC, for its own benefit,** | : | |
| 2700 Q Street NW Suite 309 | : | |
| Washington, DC 20007, | : | |
| | : | |
| and | : | |
| | : | |
| **GRAHAM ARCHITECTURAL** | : | |
| **PRODUCTS CORPORATION,** | : | |
| 1551 Mt. Rose Avenue | : | |
| York, PA 17403 | : | |
| | : | |
| Plaintiffs | : | NO. _____ |
| v. | : | |
| | : | |
| **FEDERAL INSURANCE COMPANY** | : | FILED ELECTRONICALLY |
| 15 Mountain View Road | : | |
| Warren, NJ 07059 | : | |
| | : | |
| and | : | |
| | : | |
| **LEXON INSURANCE COMPANY** | : | |
| 256 Jackson Meadows Drive, Suite 201 | : | |
| Hermitage, TN 37076 | : | |
| | : | |
| Defendants | : | |

## COMPLAINT

AND NOW COMES, Plaintiffs, District of Columbia, for the use and benefit of

Barbara J. Architectural Sales LLC, Barbara J. Architectural Sales LLC, and Graham

Architectural Products Corporation, by and through its undersigned counsel, McNees Wallace & Nurick LLC and makes the following Complaint.

## NATURE OF ACTION

This is an action for declaratory judgment brought pursuant to 28 U.S.C. §2201 and Fed.R.Civ. P. 57.  Plaintiffs seek a declaration that Defendants are obligated to pay Plaintiffs pursuant to payment bonds issued by Defendants any amounts that Plaintiffs might be required to return, refund or otherwise disgorge as preferential payments under the Bankruptcy Code.  Plaintiff District of Columbia is named in accordance with the requirements of DC ST §2-201.02(b), which provides that every suit instituted under a bond required by DC ST §2-201.01(a) must be brought in the name of the District of Columbia for the use of the person suing.

## PARTIES

1.      Barbara J. Architectural Sales, LLC ("BJAS") is a limited liability company formed under the laws of the District of Columbia, with a principal place of business located at 2700 Q St., NW Suite 309, Washington, DC 20007.  Barbara Smith is the sole member of BJAS.  Barbara Smith is a resident of Pennsylvania with a home address of 126 Venango Court, New Kensington, PA  15068.

2.      Graham Architectural Products Corporation ("Graham") is a Pennsylvania corporation with its principal place of business at 1551 Mt. Rose Avenue York, PA 17403.

3.      Defendant Federal Insurance Company ("Federal"), is an Indiana corporation with its principal place of business at 15 Mountain View Road, Warren, NJ 07059.

2

4.      Defendant Lexon Insurance Company ("Lexon") is a Texas corporation, with its principal place of business at 256 Jackson Meadows Drive, Suite 201, Hermitage, Tennessee 37076.

## JURISDICTION AND VENUE

5.      This Honorable Court has jurisdiction over this action pursuant to 28 U.S.C.A. § 1332, as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  Plaintiffs are citizens of District of Columbia and Pennsylvania, and Defendants are citizens of Indiana, New Jersey, Texas and Tennessee.  The District of Columbia is only a nominal party to this Action, and is not to be considered for purposes of jurisdiction.  See District of Columbia ex rel. American Combustion, Inc. v. Transamerica Ins. Co., 797 F.2d 1041 (D.C. Cir. 1986).

6.      Venue is proper in this Court pursuant to 28 U.S.C.A. § 1391(b), as a substantial part of the events giving rise to this claim occurred in the District of Columbia.

7.      This Honorable Court has personal jurisdiction over Federal because Federal continuously and systematically conducts business within the District of Columbia.

8.      This Honorable Court has personal jurisdiction over Lexon because Lexon continuously and systematically conducts business within the District of Columbia.

## FACTUAL BACKGROUND

9.      On or about July 26, 2010, The Office of Public Education Facilities Modernization for the District of Columbia contracted with EEC of DC, Inc./Forrester Construction Anacostia Senior High School Project Joint Venture ("Forrester") for the Anacostia Senior High School Modernization, 1601 R. Street, SE, Washington, DC 20020, #GM-09-M-0511-FM ("Project"), for the total amount of $49,794,872.

3

10.     Pursuant to DC ST §2-201.01(a), Forrester was required to furnish a payment bond for the Project.

11.     Forrester furnished a payment bond for the Project that was issued by Federal in the amount of $49,794,872 ("Federal Bond").  A true and correct copy of the Federal Bond is attached hereto as Exhibit A.

12.     Forrester contracted with Trainor Glass Company ("Trainor") to perform certain work at the Project.

13.     Trainor furnished a payment bond to Forrester in the amount of $1,867,503 that was issued by Lexon ("Lexon Bond").  A true and correct copy of the Lexon Bond is attached hereto as Exhibit B.

14.     BJAS contracted with Trainor to supply certain windows and other materials related to the window installation at the Project.

15.     Graham in turn contracted with BJAS to supply certain windows and other materials related to the window installation at the Project.

16.     BJAS and Graham last supplied materials to the Project on September 16, 2011.

17.     On December 7, 2011, BJAS and Graham provided Forrester with notice in accordance with DC ST §2-201.02(a) that BJAS was still due and owing the sum of $600,987.81, and Graham was still due and owing the sum of $592,106.22.

18.     On December 11, 2011, BJAS received joint checks 179782 and 179784 from Trainor.  These were endorsed by BJAS and delivered to Graham.  Graham deposited these two joint checks on December 12, 2011.  The total of these two joint checks is $253,382.58.

4

19.     In addition to the two joint checks, BJAS also received from Trainor checks 179783 and 179785 made payable solely to BJAS.  These two checks total $3,800.74.  The two checks made payable to BJAS were also deposited on December 12, 2011.

20.     Trainor filed a Voluntary Petition for bankruptcy under Chapter 11 of the Bankruptcy Code on March 9, 2012 (the "Petition Date").

21.     In the ordinary course of business, BJAS and/or Graham received the December 2011 payments (the "Pre-Petition Payments") from Trainor prior to the Petition Date.

22.     On March 23, 2012, BJAS made a claim under the Federal Bond for the remaining amount due and owing from Trainor of $343,804.49.  BJAS also made a contingent claim for $257,183.32 to the extent it was required to return, refund or disgorge all or any portion of the $257,183.32 paid by Trainor on or about December 11, 2011, and deposited by BJAS and Graham on or about December 12, 2011.

23.     On March 30, 2012, BJAS and Graham made a claim under the Lexon Bond for the remaining amount due and owing from Trainor of $343,804.49. Specifically, BJAS made a claim for the entire $343,804.49, and Graham made a claim for the $338,723.64 that it was still due and owing.  BJAS also made a contingent claim for $257,183.32, and Graham made a contingent claim for $253,382.58, to the extent that they were required to return, refund or disgorge all or any portion of the $257,183.32 paid by Trainor on or about December 11, 2011, and deposited by BJAS and Graham on or about December 12, 2011.

24.     On August 28, 2012, Lexon made payment to BJAS and Graham by joint check in the amount of $338,723.64, and to BJAS by individual check in the amount of $5,080.85.

25.     BJAS, Graham and Lexon entered into a fully executed Settlement Agreement as of August 27, 2012, whereby BJAS and Graham expressly reserved any and all rights to assert an additional claim or claims (the "Contingent Claims") against the Lexon Bond if BJAS and/or Graham are required to return, refund or otherwise disgorge any sum of the Pre-Petition Payments because such sums are determined to be a preferential payment under the Bankruptcy Code or for any other reason.

26.     In accordance with DC ST §2-201.02(b), suit on a payment bond required under DC ST §2-201.01(a) must be commenced within one year after the day on which the last of the labor was performed or material supplied by the claimant.

27.     Under the Bankruptcy Code, the Bankruptcy Trustee or its assignee has two years from the filing of the Bankruptcy Petition to file an Avoidance Action seeking to recover any preferential transfers.  Accordingly, the Trainor Bankruptcy Trustee or its assignee has until March 9, 2014 to file an Avoidance Action.

28.     As a result of the two different time periods for when the Bankruptcy Trustee must file an Avoidance Action, and when BJAS and Graham must file suit under the payment bonds, it is possible that BJAS and/or Graham will not be required to return, refund or otherwise disgorge any portion of the Pre-Petition Payments  until after the period for filing suit on the bonds has expired.  It is for this reason that the BJAS and Graham are filing the present declaratory judgment action.

29.     BJAS and Graham suggested to both Federal and Lexon that the parties enter into a tolling and indemnification agreement, whereby the period for filing suit on the bonds is tolled pending the outcome of any Avoidance Action seeking to recover all or any portion of the Pre-Petition Payments, and Federal and Lexon agree to defend and indemnify BJAS and Graham from all expenses and liability in conjunction with any Avoidance Action.

30.     The parties have not reached agreement on any tolling and indemnification agreement, which has forced BJAS and Graham to file the present action simply to protect their rights under the Federal Bond and Lexon Bond.

## COUNT I

## DECLARATORY JUDGMENT

## DISTRICT OF COLUMBIA f/u/b BJAS v. Federal

31.     Plaintiffs hereby incorporate the allegations of Paragraphs 1 through 30 above as if set forth fully herein.

32.     BJAS is a proper Claimant under the Federal Bond.

33.     To the extent that BJAS is required to return, refund or disgorge all or any portion of the Pre-Petition Payments paid by Trainor, then it will not have been paid in full for the materials furnished to the Project and will be entitled to recover such amounts pursuant to the Federal Bond.

34.     An actual case and controversy exists between BJAS and Federal as to BJAS's rights under the Federal Bond should it be required to return, refund or disgorge all or any portion of the Pre-Petition Payments paid by Trainor.

WHEREFORE, Plaintiff District of Columbia f/u/b Barbara J. Architectural Sales, LLC requests that this Court:

A.      Enter judgment declaring that Federal Insurance Company must pay Barbara J. Architectural Sales, LLC any portion of the Pre-Petition Payments paid by Trainor that Barbara J. Architectural Sales, LLC is required to return, refund or disgorge.

B.      Afford Barbara J. Architectural Sales, LLC such other legal or equitable relief that the Court deems necessary or proper.

## COUNT II

## DECLARATORY JUDGMENT

### BJAS and Graham v. Lexon

35.     Plaintiffs hereby incorporate the allegations of Paragraphs 1 through 34 above as if set forth fully herein.

36.     BJAS  and Graham are proper Claimants under the Lexon Bond.

37.     To the extent that BJAS and/or Graham are required to return, refund or disgorge all or any portion of the Pre-Petition Payments paid by Trainor, then they will not have been paid in full for the materials furnished to the Project and will be entitled to recover such amounts pursuant to the Lexon Bond.

38.     An actual case and controversy exists between BJAS, Graham and Lexon as to BJAS's and Graham's rights under the Lexon Bond should they be required to return, refund or disgorge all or any portion of the Pre-Petition Payments paid by Trainor.

WHEREFORE, Plaintiffs Barbara J. Architectural Sales, LLC and Graham Architectural Products Corporation request that this Court:

A.    Enter judgment declaring that Lexon Insurance Company must pay Barbara J. Architectural Sales, LLC and/or Graham Architectural Products Corporation any portion of the Pre-Petition Payments paid by Trainor that Barbara J. Architectural Sales, LLC and/or Graham Architectural Products Corporation are required to return, refund or disgorge.

B.    Afford Barbara J. Architectural Sales, LLC and Graham Architectural Products Corporation such other legal or equitable relief that the Court deems necessary or proper.

McNEES WALLACE & NURICK LLC

By /s/ Helen L. Gemmill
        Helen L. Gemmill, Esquire
        D.C. I.D. No. 431132
        100 Pine Street, P.O. Box 1166
        Harrisburg, PA  17108-1166
        (717) 237-5273
        hgemmill@mwn.com

Attorneys for Plaintiffs

Dated:  September 14, 2012